UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PENNIE COTTRELL, individually,

    Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK,

    Defendant.

Case No.

**NOTICE OF REMOVAL TO FEDERAL COURT**

Defendant National Railroad Passenger Corporation d/b/a ("Amtrak") by and through its attorneys, hereby removes the above-captioned action, currently pending in the Superior Court of King County, Washington, to the United States District Court for the Western District of Washington. Removal is based on 28 U.S.C. §§ 1331, 1332, 1349, and 1367 and authorized by 28 U.S.C. §§ 1441 and 1446. As grounds for removal, Defendant states:

## I. BACKGROUND

Plaintiff commenced this action by filing her lawsuit in King County Superior Court, on or about January 3, 2018, under Cause No. 18-2-00341-5 SEA (the "State Court Action"). Pursuant to LCR 101(b), a true and correct copy of the operative complaint in the State Court Action is appended hereto as **Exhibit A**.

## II. STATUTORY REQUIREMENTS

A.    <u>Federal Question Jurisdiction</u>. Federal question jurisdiction exists in this action because Plaintiff has asserted a claim against Amtrak, a federally chartered corporation whose

NOTICE OF REMOVAL TO FEDERAL COURT - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

019188.0389/7186103.1

majority stockholder is the United States of America.

Amtrak was created under the Rail Passenger Service Act of 1970, 45 U.S.C. § 541, *et seq*. (recodified as 49 U.S.C. § 24101-24709) and is therefore a federally chartered corporation. In the *Pacific Railroad Removal Cases*, 115 U.S. 1 (1885), the United States Supreme Court ruled that an action against a federally chartered corporation presented a federal question under 28 U.S.C. § 1331. As a result, this Court has original jurisdiction of this action against Amtrak under 28 U.S.C. § 1331, which provides for original jurisdiction in cases that arise under the laws of the United States, and 28 U.S.C. § 1349, which provides for original jurisdiction over claims against corporations where the United States owns more than 50 percent of the capital stock. *See Aliotta v. National R.R. Passenger Corporation*, 315 F.3d 756 (7th Cir. 2003); *Walker v. National R.R. Passenger Corp.*, 703 F. Supp. 2d 495, 500 (D. Md; 2010) and *Hollus v. Amtrak*, 937 F. Supp. 1110, 1113-14 (D. N.J. 1996).

B.   Diversity Jurisdiction.

1.   Complete Diversity Exists. Diversity jurisdiction exists in this action because Plaintiff and Amtrak are citizens of different states. 28 U.S.C. § 1332(a)(1). "Complete diversity exists when the parties are domiciled in separate states." *Umouyo v. Bank of Am., N.A.*, No. 2:16-CV-01576-RAJ, 2017 WL 1532664, at *2 (W.D. Wash. Apr. 28, 2017) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Plaintiff is domiciled in and is therefore a citizen of Washington. Yates Decl. ¶ 3; *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "Amtrak is a citizen only of the District of Columbia when deciding original jurisdiction of the district courts of the United States in a civil action." 49 U.S.C. § 24301(b). Plaintiff and Amtrak are therefore citizens of different states for diversity jurisdiction purposes. Finally, the citizenship of "Doe" defendants is disregarded for purposes of the diversity jurisdiction analysis. 28 U.S.C. § 1441(b). *See* Complaint at ¶ 1.3.

2.   Amount in Controversy. The Complaint seeks economic and noneconomic damages for alleged serious physical and mental injuries arising out of the December 18, 2017 derailment of Amtrak Cascades Train No. 501. Complaint ¶¶ 5.1-5.2. Given the nature of

NOTICE OF REMOVAL TO FEDERAL COURT - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

019188.0389/7186103.1

1 Plaintiff's claims and alleged damages, Amtrak alleges that the amount in controversy is expected to exceed the jurisdictional threshold of $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) (explaining that a removing defendant need only make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" if the amount is not specified). The amount in controversy requirement is met.

### III. PROCEDURAL REQUIREMENTS

A. <u>Removal to this Court Is Proper</u>. Pursuant to 28 U.S.C. §§ 1441(a)-(b) and 1446(a), Defendant files this Notice of Removal in the United States District Court for the Western District of Washington, which is the federal district court embracing the state court where Plaintiff has brought the State Court Action - King County, Washington. Venue is proper in this district pursuant to 28 U.S.C. 1391(a) and 28 U.S.C. 128(b).

B. <u>Removal Is Timely</u>. Amtrak is unaware of having been served with a copy of the Summons and Complaint in the State Court Action. Yates Decl. ¶ 4. Defendant has filed this Notice within 30 days after its receipt of the Complaint in the State Court Action on or about January 3, 2018. As such, removal is timely. *See* 28 U.S.C. § 1446(b)(2)(B).

C. <u>Consent</u>. Consent is not required for removal under 28 U.S.C. § 1331 and there are no other defendants from whom to obtain consent to the extent this matter is removed under 28 U.S.C. § 1332.

D. <u>Bond and Verification</u>. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

E. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

F. <u>Pleadings and Process</u>. True and correct copies of the pleadings on file in the State Court Action, including a current docket sheet, are attached to the Yates Decl. as **Exhibit A**. *See* 28 U.S.C. § 1446(a). Amtrak has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

NOTICE OF REMOVAL TO FEDERAL COURT - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

019188.0389/7186103.1

G. <u>Notice.</u> Amtrak will promptly serve Plaintiff and file with this Court its Notice of Removal to Plaintiff, informing Plaintiff that this matter has been removed to federal court. *See* 28 U.S.C. §§ 1446(a), (d). Amtrak will also promptly file with the Clerk of the Superior Court of Washington, County of King, and serve on Plaintiff, a Notice to Clerk of Removal to Federal Court, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, this action should proceed in the United States District Court for the Western District of Washington, as an action properly removed thereto.

DATED this 17th day of January 2018.

LANE POWELL PC

By: <u>/s/ Tim D. Wackerbarth</u>
Tim D. Wackerbarth, WSBA No. 13673
wackerbartht@lanepowell.com

By: <u>/s/ Andrew G. Yates</u>
Andrew G. Yates, WSBA No. 34239
yatesa@lanepowell.com

By: <u>/s/ Warren E. Babb, Jr.</u>
Warren E. Babb, Jr., WSBA No. 13410
babbw@lanepowell.com

By: <u>/s/ Rachel B. Greenlee</u>
Rachel B. Greenlee, WSBA No. 49873
greenleer@lanepowell.com

Attorneys for Defendant National Railroad Passenger Corporation d/b/a Amtrak

NOTICE OF REMOVAL TO FEDERAL COURT - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

019188.0389/7186103.1

## CERTIFICATE OF SERVICE

I, hereby certify under penalty of perjury of the laws of the State of Washington that on the 17th day of January 2018, I caused to be served a copy of the attached document to the following person(s) in the manner indicated below at the following address(es):

Robert N. Gellatly
David M. Beninger
Andrew Hoyal
Luvera Law Firm
701 Fifth Avenue, Suite 6700
Seattle, WA 98104-7016
robert@luveralawfirm.com
david@luveralawfirm.com
andy@luveralawfirm.com

☑ by CM/ECF
☐ by Electronic Mail
☐ by Facsimile Transmission
☐ by First Class Mail
☑ by Hand Delivery
☐ by Overnight Delivery

Robert A. Clifford
Michael S. Krzak
Sean P. Driscoll
Clifford Law Offices
120 N. LaSalle Street, 31st Floor
Chicago, IL 60602-2554
rac@cliffordlaw.com
msk@cliffordlaw.com
spd@cliffordlaw.com

☐ by CM/ECF
☐ by Electronic Mail
☐ by Facsimile Transmission
☐ by First Class Mail
☐ by Hand Delivery
☑ by Overnight Delivery

Raymond E.S. Bishop
Derek K. Moore
Ben R. Ferguson
Bishop Legal
19743 First Avenue S.
Normandy Park, WA 98148-2401
ray@bishoplegal.com
derek@bishoplegal.com
ben@bishoplegal.com

☑ by CM/ECF
☐ by Electronic Mail
☐ by Facsimile Transmission
☐ by First Class Mail
☑ by Hand Delivery
☐ by Overnight Delivery

DATED this 17th day of January 2018.

*Sabrina Mitchell*
Sabrina Mitchell

NOTICE TO CLERK OF REMOVAL OF ACTION TO FEDERAL COURT - 5
No. 18-2-00341-5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

019188.0389/7186103.1

# EXHIBIT A

FILED
18 JAN 03 PM 2:23

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-00341-5 SEA

## IN THE SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| PENNIE COTTRELL, individually, | NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, | |
| Defendant. | |

COMES NOW the Plaintiff and pursuant to the common law, the constitution and other statutes, and claims as follows:

### 1.  IDENTIFICATION OF PARTIES

1.1   Plaintiff, Pennie Cottrell, is an adult U.S. citizen.

1.2   Defendant, NATIONAL RAILROAD PASSENGER CORPORATION a/␣k/a/ AMTRAK (AMTRAK), is a corporation organized and existing under the laws of the United States of America with a principal place of business in Washington, D.C. Defendant AMTRAK has an office for the transaction of business, and transacts business in King County, Washington.

COMPLAINT FOR DAMAGES - 1

LUVERA LAW FIRM
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

1.3     There may be unknown entities or "John Does" who may be at fault and when their identification becomes known, these pleadings may be amended accordingly.

## 2.     JURISDICTION AND VENUE

2.1     The court has general and specific jurisdiction over the claims asserted herein by Plaintiff pursuant to RCW 4.28.185 and other Washington statutes. Venue is proper in King County, Washington, as AMTRAK resides in King County within the meaning of RCW 4.12.025 as it transacts business in King County, has an office for the transaction of business within King County, transacted business in King County at the time this cause of action arose, and/or has persons residing in King County upon whom service of process for the corporation may be made.

## 3.     NATURE OF OCCURRENCE

3.1.    On and before December 18, 2017, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers between various destinations in the State of Washington.

3.2     On December 18, 2017, Defendant, AMTRAK, through its employees and/or agents, operated, managed, maintained, supervised, owned, designed, constructed and/or controlled AMTRAK Train No. 501, that originated in Seattle, Washington and was destined for other stops.

3.3     Pennie Cottrell purchased tickets, and on December 18, 2017, boarded AMTRAK Train No. 501 at the King Street Station in Seattle, Washington.

3.4     At approximately 7:33 a.m., AMTRAK Train No. 501 traveled on a segment of railroad track about 40 miles south of Seattle, Washington that was operated, managed, maintained, supervised, owned, designed, constructed and/or controlled, or contracted to operate,

COMPLAINT FOR DAMAGES - 2

LUVERA LAW FIRM
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

manage, maintain, supervise, own and/or control by Defendant AMTRAK. AMTRAK Train No. 501 was operated by employees and/or agents of Defendant AMTRAK.

3.5   A sharp and dangerous curve existed on this segment where the railroad track crossed over I-5 from west to east.

3.6   On December 18, 2017, at approximately 7:33 a.m., AMTRAK Train No. 501 approached the curve and bridge crossing I-5 at a speed greatly exceeding the authorized, posted, safe and lawful speed limit for this segment of the track.

3.7   AMTRAK Train No. 501 derailed through the curve and at the bridge crossing I-5, causing serious injuries to Pennie Cottrell who was a passenger on board the train.

3.8   At all times relevant to this accident, Defendant AMTRAK equipped AMTRAK Train No. 501 with a Positive Train Control system (hereinafter "PTC"), but knowingly failed to make the system operable.

3.9   In 2008, Congress enacted the Rail Safety Improvement Act of 2008 (RSIA), which requires passenger railroads to install a PTC system no later than the end of 2015.

3.10   The PTC systems mandated by Congress were designed specifically to increase safety and prevent derailments caused by excessive speeds, among other purposes.

3.11   PTC provides real-time information to train crew members about, among other things, the areas in which a train must be slowed or stopped and the speed limits at approaching curves and other reduced-speed locations.

3.12   PTC also warns the train crew of the train's safe braking distance in curved or reduced-speed locations, and displays the same on screens inside the locomotive's cab.

COMPLAINT FOR DAMAGES - 3

LUVERA LAW FIRM
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

3.13   If the engineer does not respond to the ample warnings and on-screen displays, the positive train control system will automatically activate the brakes and safely slow or stop the train.

3.14   At all times relevant hereto, PTC systems were affordable, available, feasible, and intended to improve safety.

3.15   Defendant, AMTRAK, knowingly and intentionally failed to put in place and utilize an operable PTC or similar safety control system on the AMTRAK Train No. 501 and the segment of railroad track where this tragic and preventable accident occurred.

3.19   The failure to have PTC was a factor that caused AMTRAK Train No. 188 to derail in Philadelphia, PA, in 2015.

3.20   For at least two (2) years prior to December 18, 2017, Defendant, AMTRAK, knew that train control systems could prevent derailments.

3.21   Defendant AMTRAK failed to use available train control systems and other safety technologies that would have prevented the derailment.

### 4.   NATURE OF LIABILITY

4.1   Plaintiff's injuries, damages and losses were proximately cause by Defendant AMTRAK's wrongful conduct under common law, federal and state statutes and regulations, and the Washington Consumer Protection Act, rendering defendant liable and at fault for all injuries and damages.

4.2   On December 18, 2017, Defendant AMTRAK, through its agents and/or employees, was a common carrier and owed passenger Pennie Cottrell the highest duty of care.

4.3   Defendant AMTRAK through its agents and/or employees, was at fault and violated the highest duty of care, including but not limited to one or more of the following ways:

COMPLAINT FOR DAMAGES - 4

a. Failed to slow down its train at the aforesaid point when it knew or should have known that the speed was too fast for the sharp and dangerous curve;

b. Operated the train in excess of the authorized, posted, safe and lawful speed limit;

c. Failed to install and render operable proper train-control safety and speed system;

d. Operated the train without keeping a safe and proper lookout;

e. Failed to comply with Defendant's own operational and safety plan, rules, standards and procedures;

f. Failed to comply with the applicable federal standards of care, including but not limited to the failure to comply with applicable federal statutes or regulations;

g. Failed to properly train its agents and/or employees in the safe operations of the train;

h. Failed to properly supervise its agents and/or employees in the proper operation of the train.

4.4 Defendant AMTRAK is also liable for punitive and/or exemplary damages under choice of law principles for the reckless and/or willful disregard of the rights and safety of the passengers and the public.

4.5 Defendant AMTRAK failed to provide material information to Pennie Cottrell, thus acting unfairly or deceptively in trade or commerce in violation of the Washington Consumer Protection Act, RCW 19.86. et seq., including, but not limited to, the failure to inform her that:

a. The engineer had insufficient experience and training to safely operate AMTRAK Train No. 501 on the route originating in Seattle on December 18, 2017;

b. AMTRAK operated the train with an assistant conductor who was neither certified nor qualified;

c. AMTRAK operated the train without enabling and/or providing a fully operational PTC or other safety devices.

## 5. INJURIES, HARM AND DAMAGES

COMPLAINT FOR DAMAGES - 5

LUVERA LAW FIRM
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

5.1   As a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant AMTRAK, Plaintiff has suffered physical and emotional injuries, including but not limited to multiple broken bones requiring past and future medical care, disability, loss of enjoyment of life, pain, anxiety, distress and emotional trauma, physical impairment and disfigurement, pecuniary and economic losses, and other injuries, harm and noneconomic damages which are ongoing and which the total amount will be proven at trial;

5.2   Plaintiff has suffered injury and damages, including loss of business or property as a result of Defendant AMTRAK's violation of the Consumer Protection Act.

## 6.   RELIEF CLAIMED

6.1   Plaintiff claims all economic and non-economic damages along with all compensatory, pecuniary and exemplary damages.

6.2   Plaintiffs claim all fees and costs, including attorney's fees, treble damages, and prejudgment interest and all other damages recoverable under Washington's Consumer Protection Act.

6.3   Plaintiff seeks injunctive relief to protect the public.

6.4   Plaintiff reserves the right to seek other damages as appropriate.

WHEREFORE, Plaintiff Pennie Cottrell prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in such amount as will be proven at the time of trial, together with such other and further relief as the jury or court deems appropriate.

DATED this 3rd day of January, 2018.

LUVERA LAW FIRM

*/s/ Robert N. Gellatly*
Robert N. Gellatly, WSBA 15284

COMPLAINT FOR DAMAGES - 6

David M. Beninger, WSBA 18432
Andrew Hoyal, WSBA 21349
6700 Columbia Center
701 Fifth Avenue
Seattle, WA 98104
Telephone: (206) 467-6090
robert@luveralawfirm.com
david@luveralawfirm.com
andy@luveralawfirm.com

CLIFFORD LAW OFFICES, P.C.
Robert A. Clifford
Michael S. Krzak
Sean P. Driscoll
(pending issuance of order granting motion to be filed for Limited Admission Pursuant to APR 8(b))
120 N. LaSalle Street, 31st Floor
Chicago, Illinois 60602
Telephone: (312) 899-9090
Telephone: (312) 251-1160
rac@cliffordlaw.com
msk@cliffordlaw.com
spd@cliffordlaw.com

Attorneys for Plaintiff

COMPLAINT FOR DAMAGES - 7